## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-41824 |
| | ) | Chapter 7 |
| HIPOLIT WILCZEWSKI | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date: September 24, 2013 |
| | ) | Hearing Time: 10:30 a.m. |

## COVER SHEET FOR FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN

Name of Applicant:                                Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:                        Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                                August 9, 2011

Period for which Compensation
and Reimbursement is Sought:            August 9, 2011 through the close of the case

Amount of Final Compensation
Sought:                                              $6,147.50

Amount of Final Expense
Reimbursement Sought:                      $  316.10

This is a:     X   Final          ____   Interim Application.

Prior Applications:  None

Dated: August 20, 2013                    Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of  the Debtor's Estate,

By:/s/ Gus A. Paloian
  Gus A. Paloian (06188186)
  James B. Sowka (6291998)
  SEYFARTH SHAW LLP
  131 South Dearborn Street
  Suite 2400
  Chicago, Illinois 60603
  Telephone:  (312) 460-5000
  Facsimile:  (312) 460-7000

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 10-41824 |
| | ) | Chapter 7 |
| HIPOLIT WILCZEWSKI | ) | |
| | ) | Hon. Pamela S. Hollis |
| Debtor. | ) | |
| | ) | Hearing Date: September 24, 2013 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE
REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL
TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM AUGUST 8, 2011 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of August 8, 2011, through the

close of the case (the "Application Period").  In support of this Application, Seyfarth respectfully

represents, as follows:

## I.  INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

(E) that certain Order of the Court, dated September 15, 2011, authorizing Seyfarth's retention as

counsel to the Trustee effective as of August 8, 2011(the "Seyfarth Retention Order");  and (F)

other applicable case law discussed herein (collectively, the "Authorities for Relief").  In this

regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.     In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of final allowance of compensation in the

amount of $6,147.50 (the "Fees") for professional services rendered by Seyfarth on behalf of the

Trustee during the Application Period and for reimbursement of expenses in the amount of

$316.10 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the

performance of those services.

## II.  JURISDICTION

3.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.  Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O).  The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

## III.  BACKGROUND

### A.     Case Background

4.     On September 17, 2010, Hipolit Wilczewski (the "Debtor") filed a voluntary

petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S. C. §§ 101, *et

seq*. The Trustee was subsequently appointed and qualified.

2

5.      The Debtor did not identify any legal causes of action as assets in his Chapter 7 petition or schedules.

6.      On January 19, 2011, the Debtor was discharged from bankruptcy.

7.      On January 24, 2011, the bankruptcy case was closed and the Trustee was discharged.

8.      On February 15, 2011, without reopening the bankruptcy case, the Debtor filed an amended schedule, listing as an asset his counterclaim against Citibank, as Trustee in the foreclosure action captioned *Citibank, N.A., as Trustee for Certificate Holders of Structured Asset Mortgage Investments II Trust 2007-AR6, Mortgage Pass-Through Certificates, Series 2007-AR6 v. Wilczewski, et al.,* Circuit Court of Cook County Case Number 08-CH-026747 (the "Foreclosure Counterclaim").

9.      On August 1, 2011, the Trustee filed a Motion to Reopen Chapter 7 Case to Administer Assets of the Estate, specifically to administer the Foreclosure Counterclaim.

10.     On August 9, 2011, the Court granted the Trustee Motion to Reopen.

11.     On August 10, 2011, the Trustee was reappointed.

12.     Citibank, N.A., as Trustee, offered to purchase the Estate's interest in the Foreclosure Counterclaim and any and all real and possible counterclaims the Estate may have had against Citibank, N.A., as Trustee, or its servicing agent EMC Mortgage LLC (the "Causes of Action") for $10,000.

13.     Seyfarth was retained as counsel for the Trustee pursuant to the Seyfarth Retention Order dated September 15, 2011.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

3

14.     The Trustee directed Seyfarth to prepare a motion requesting the Court to allow the sale of the Causes of Action.

15.     On December 13, 2011, the Court authorized the Trustee to sell the Causes of Action.

### B.     Summary of Services Rendered by Seyfarth to the Trustee

16.     This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

17.     Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

18.     In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

19.     The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $6,147.50.

20.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.  During the Application Period, Seyfarth has rendered 23.60 hours of professional services.

21.     A breakdown of the Fees by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | 2011 HOURLY RATES | 2012 HOURLY RATES | 2013 HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|---|
| Gus Paloian | Partner | $575.00 | $600.00 | $625.00 | .80 | $460.00 |
| Chris J. Harney | Associate | $305.00 | $315.00 | $350.00 | 12.50 | $3815.50 |
| Jennifer M. McManus | Paralegal | $245.00 | $255.00 | $270.00 | 6.00 | $1,485.00 |
| Alice Shepro | Case Assistant | $85.00 | $90.00 | $95.00 | .40 | $36.00 |
| Julie Ziegler | Case Assistant | N/A | N/A | $90.00 | 3.90 | $351.00 |
| **TOTAL:** | | | | | **23.60** | **$6,147.50** |

22.     The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

23.     A biography for the attorney listed above describing his qualifications and areas of expertise, is attached hereto as **Exhibit 2,** which is incorporated herein by reference.

24.     Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

5

25.     The services rendered by Seyfarth on behalf of the Trustee have been in connection with the sale of the Estate's interest in the Causes of Action to Citibank (the "Property"), which realized gross proceeds of  $10,000.00 for the benefit of the Estate and include, but are not limited to, preparing and presenting the Trustee's motion to sell the Property. In connection with the foregoing, Seyfarth has expended 23.60 hours of services for which it requests compensation in the amount of $6,147.50.

26.     All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Detailed statements of the services performed during the Application Period are attached hereto as **Exhibit 3**.

27.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

28.      "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." <u>Smith v. Edwards & Hale, Ltd.</u> (<u>In re Smith</u>), 317 F.3d 918, 927 (9th Cir. 2002), <u>cert. denied sub nom.</u> <u>Smith v. Grimmett</u>, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); <u>see</u> 11 U.S.C. § 330(a)(6).

**C.      Reasonableness of Compensation Requested**

29.     In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

30.     Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

6

31.     Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

32.     Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D.     Expenses Incurred by Seyfarth on behalf of Trustee

33.     Seyfarth has incurred actual and necessary expenses in the amount of $316.10 in the performance of the services rendered to the Trustee in the Case.  The expenses relate to photocopying of pleadings filed with the Court and filing fees.  A detailed listing of the expenses incurred is attached hereto as **Exhibit 4**.

### IV.  STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

34.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or expense reimbursement as a result of the Case with any person, firm or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of the Case.

### V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.     Allowing Seyfarth final compensation in the total amount of $6,147.50;

B.     Allowing Seyfarth reimbursement of expenses in the amount of $316.10; and

C.     Granting such other and further relief as this Court deems proper.

7

Dated:  September 20, 2013                    Respectfully submitted,

                                             GUS A. PALOIAN, not individually or
                                             personally, but solely in his capacity as the
                                             Chapter 7 Trustee of  the Debtor's Estate,


                                             By:/s/ Gus A. Paloian
                                                Gus A. Paloian (06188186)
                                                James B. Sowka (6291998)
                                                SEYFARTH SHAW LLP
                                                131 South Dearborn Street, Suite 2400
                                                Chicago, Illinois 60603
                                                Telephone:  (312) 460-5000
                                                Facsimile:  (312) 460-7000

8

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                )        BK No.:   10-41824
                                      )
                                      )
                                      )        Chapter: 7
HIPOLIT WILCZEWSKI                    )        Honorable Pamela S. Hollis
                                      )
                                      )
        Debtor(s)                     )

### ORDER AUTHORIZING TRUSTEE TO EMPLOY SEYFARTH SHAW, LLP
### AS HIS COUNSEL RETROACTIVELY

THIS MATTER COMING TO BE HEARD upon the Trustee's Motion Authorizing the Trustee
to Employ Seyfarth Shaw, LLP ("Seyfarth") as His Counsel Retroactively ("Application"); the Court
finds that (i) it has jurisdiction in the matters raised in the Application pursuant to 28 U.S.C. § 157 and
1344; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the
Application is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate
notice of the Application and hearing thereon has been given and no other or further notice is necessary;
and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the
granting of relief as set for herein,

        IT IS HEREBY ORDERED that:

        1. In accordance with 11 U.S.C. § 105(a), 327 (a) and (d), and 328 (a), and Federal Rule of
Bankruptcy Procedure 2002(a)(6), that the retention and employment of Seyfarth, on the terms and
conditions described in the Application and the Harney Affidavit, is authorized and approved.

        2. Seyfarth's compensation and reimbursement in respect of its fees and expenses incurred
while representing the Trustee shall be subject to further order of the Court in accordance with the
procedures and standards set forth in sections 330 and 331 of the Code, such Federal Rules of
Bankruptcy Procedure as may be applicable from time to time, and such procedures as may be fixed by
order of this Court.

                                      Enter:

                                                        Pam Hollis

                                              Honorable Pamela S. Hollis
                                              United States Bankruptcy Judge
Dated:  September 15, 2011

**Prepared by:**

Christopher J. Harney (6296683)
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Phone: (312) 460-5000
Facsimile: (312) 460-7000

As Counsel for Chapter 7 Trustee,
Gus A. Paloian

# EXHIBIT 2





**Gus A. Paloian**
*Partner*
Chicago
Direct: (312) 460-5936
Fax: (312) 460-7936
gpaloian@seyfarth.com
vCard

# Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Distressed Transactions

Non-Bankruptcy Remedies

Commercial Litigation

Real Estate

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation.  Prior to joining the firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian often represents national banks and finance companies enforcing their remedies and defending their rights.  He represents financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, retail, manufacturing, and warehousing facilities.  Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code.  Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings.  He also has extensive experience representing trustees in complex bankruptcy cases.    Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

## Education

- J.D., DePaul University College of Law (1984)
  *cum laude*
- B.A., Northwestern University (1981)
- Certified Lean Six Sigma Yellow Belt

## Admissions

- Illinois

## Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees
- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association

## Representative Engagements

- *Buddha Entertainment, LLC v. Paloian*, 12 C 5059 (N.D. Ill. 2012)

Copyright © 2013 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- *Paloian v. Geneva Seal, Inc. (In re Canopy Fin., Inc.)*, 12 C 145, 12 C 147 (N.D. Ill. 2012)
- *In re River West Plaza-Chicago, LLC.*, 664 F.3d 668 U.S. App. (7th Cir. 2011)
- *Schwab v. River West-Chicago, LLC* (In re River West Plaza-Chicago, LLC.) 10 C 7277 (N.D. Ill 2011)
- *Paloian v. American Express Co. (In re Canopy Fin., Inc.)*, 11C 5360 (N.D. Ill. 2011)
- *Paloian v. Grupo Serla S.A. de C.V.*, 07 C 396 (N.D. Ill. 2010)
- *Paloian v. LaSalle Bank, N.A.*, 619 F.3d 688 U.S. App. (7th Cir. 2010)
- *In re Shethi*, 07 B 05686 (N.D. Ill. 2008)
- *Paloian v. Grupo Serla S.A. de C.V. (In re GGSI Liquidation, Inc.)*, 01 B 31751 (N.D. Ill. 2006)
- *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761 U.S. App. (7th Cir. 2004)
- *In re Chavin*, 150 F.3d 726 U.S. App. (7th Cir. 1998)
- *In re 801 South Wells Street Limited Partnership*, 192 BR 718 (Bankr. N.D. Ill. 1996)
- *In re Sardo Corporation (Borock as Trustee v. Turner Construction Company)*, 1996 WL 362756 (Bankr. N.D. Ill. 1996)
- *Northern Trust v. VIII S. Michigan Assoc.*, 276 Ill. App. 3d 355, 657 N.E.2d 1095 (1st Dist. 1995)
- *Zerand-Bernal Group v. Cox*, 23 F.3d 159 U.S. App. (7th Cir. 1994)
- *In re VIII South Michigan Associates*, 145 B.R. 912 (N.D. Ill. 1992)
- *In Re: William Thomas Billings (Irving Federal Savings and Loan Assoc.)* 146 B.R. 431 (Bankr. N.D. Ill. 1992)
- *Home Savings Association of Kansas City, F.A. v. State Bank of Woodstock*, 763 F. Supp. 292 (N.D. Ill 1991)
- *In re William J. Stoecker (Citibank, N.A. v. Park Kenilworth Industries)*, 109 B.R. 321 (N.D. Ill. 1989)

Copyright © 2013 Seyfarth Shaw LLP. Unless otherwise indicated attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.





**Christopher J. Harney**
*Associate*
Chicago
Direct: (312) 460-5246
Fax: (312) 460-7246
charney@seyfarth.com
vCard

# Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Debtor Representation

Commercial Litigation

Non-Bankruptcy Remedies

Distressed Transactions

Bankruptcy Litigation

Mr. Harney is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP. Mr. Harney concentrates his practice in areas of bankruptcy law and litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, commercial and real estate litigation, and general commercial litigation. He has represented clients in both state and federal courts and his client representations include debtors, secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees. He also has litigation experience in construction law, breach of contract matters, mortgage foreclosures, premises-liability, and intellectual property.

Mr. Harney serves as a co-chair for the Bankruptcy Committee of the Young Lawyers Section of the Chicago Bar Association. He is also an active board member of the Young Professionals Board of the Chicago Bar Foundation, the charitable arm of the Chicago Bar Association and one of the wrestling team representatives for the Graduate "Order of the C," an alumni association of the University of Chicago.

## Education

- J.D., University of Mississippi, *cum laude* (2008)
  Member, Moot Court Team and Moot Court Membership Committee
  Moss Scholarship Recipient, 2006-2007
  Semifinalist in State of Mississippi Appellate Advocacy Competition

- B.A., University of Chicago (2004)
  Chicago Police/Fire Full-Tuition Merit Scholarship, 2000-2004
  Dean's List, 2000-2003

## Admissions

- Illinois

## Courts

- U.S. District Courts for the Northern District of Illinois

## Affiliations

Chicago Bar Association

- Co-Chair, Young Lawyers Section Bankruptcy Committee (2011-present)

Chicago Bar Foundation

- Member, Young Professionals Board (2011-present)

University of Chicago's Order of the C

- Wrestling Team Representative

Copyright © 2013 Seyfarth Shaw LLP. Unless otherwise indicated
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.

SEYFARTH
ATTORNEYS SHAW LLP

## Presentations

- Moderator, "What Every Bankruptcy Practitioner Should Know About Exceptions to Discharge (§ 523) and Denial of Discharge (§ 727) (June 2012)

- Co-presenter, "Practice Pointers in Preference Litigation." Chicago Bar Association (April 2011)

- Presenter, "Underwater Stock Options," Legal Seminar sponsored by the Illinois Paralegal Association, Chicago, IL (May 2009)

## Publications

- "Austin, Texas Paves the Way to Expansion of Green Building," *Green Space Today* (April 2009)

Copyright © 2013 Seyfarth Shaw LLP. Unless otherwise indicated
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.

# EXHIBIT 3

## CASE ADMINISTRATION

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 08/09/11 | Review/analyze file and motion to reopen in preparation of motion hearing (.20); in court on motion to reopen (.90). | C. Harney | 1.10 | 335.50 |
| 08/10/11 | Review docket and order reopening bankruptcy estate (.10); email to G. Paloian, J. McManus and A. Shepro regarding motion to reopen and strategy moving forward (.10). | C. Harney | 0.20 | 61.00 |
| 08/10/11 | Draft Motion to Retain Seyfarth Shaw as counsel to Trustee. | J. McManus | 0.50 | 122.50 |
| 08/11/11 | Follow-up regarding search results for Seyfarth's retention application. | J. McManus | 0.30 | 73.50 |
| 08/15/11 | Prepare Affidavit in support of motion to retain Trustee's counsel. | J. McManus | 0.60 | 147.00 |
| 08/16/11 | Revise charts in Motion to Retain Seyfarth. | J. McManus | 0.60 | 147.00 |
| 08/17/11 | Revise Motion to Retain Seyfarth (.60); draft Harney Affidavit (.30). | J. McManus | 0.90 | 220.50 |
| 08/18/11 | Revise Seyfarth retention motion. | J. McManus | 0.40 | 98.00 |
| 08/19/11 | Discussion with J. McManus regarding Motion to Retain (.10); edit Motion to Retain Seyfarth Shaw (.30); conference with J. McManus regarding Motion to Retain (.10). | C. Harney | 0.50 | 152.50 |
| 08/19/11 | Revise Harney Affidavit in Support of Seyfarth's retention. | J. McManus | 0.40 | 98.00 |
| 09/02/11 | Email correspondence with Citibank's counsel regarding settlement offer (.10); telephone conference with G. Paloian regarding the same (.10). | C. Harney | 0.20 | 61.00 |
| 09/02/11 | Revise Seyfarth retention motion (.20); revise Harney Affidavit (.10). | J. McManus | 0.30 | 73.50 |
| 09/07/11 | Review motion to retain and attached affidavit. | C. Harney | 0.30 | 91.50 |
| 09/08/11 | Email correspondence with J. McManus regarding filing Hipolit Motion to retain (.10); review/provide additional edits to motion to retain and affidavit (.20); conference with A. Shepro regarding the same (.10); review proposed order (.10). | C. Harney | 0.50 | 152.50 |
| 09/15/11 | Review Motion to Employ in preparation of hearing (.10); review docket and file in preparation of hearing (.10); in court on Motion to Employ Seyfarth Shaw (.70). | C. Harney | 0.90 | 274.50 |
| **TOTAL** | | | **7.70** | **$2,108.50** |

15924344v.2

## FEE APPLICATIONS

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 01/10/12 | Draft Fee Application for Final Report. | J. McManus | 0.50 | 127.50 |
| 01/30/12 | Prepare Fee Application. | J. McManus | 0.50 | 127.50 |
| 04/26/12 | Review Final Fee Application. | J. McManus | 0.30 | 76.50 |
| 07/26/13 | Prepare pleading portion final fee application. | J. Ziegler | 2.50 | 225.00 |
| 07/29/13 | Revise Final Fee Application. | J. Ziegler | 0.90 | 81.00 |
| 07/30/13 | Revise Final Fee Application. | J. Ziegler | 0.50 | 45.00 |
| | | | **5.20** | **682.50** |
| | **TOTAL** | | | |

15924344v.2

## CLAIMS ADMINISTRATION AND ANALYSIS

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 01/09/12 | Review claims (.10); confer with G. Paloian regarding same (.10). | J. McManus | 0.20 | 51.00 |
| 01/09/12 | Compile claims register for J. McManus claims review (.20); print creditor listing for J. McManus (.20). | A. Shepro | 0.40 | 36.00 |
| | | | **0.60** | **$87.00** |

**TOTAL**

15924344v.2

## INVESTIGATION OF ESTATE CLAIMS/SETTLEMENT

| Date | Description | Timekeeper | Hours | Value |
|------|-------------|------------|-------|-------|
| 01/04/12 | Conference with J. McManus regarding settlement payment (.10); correspondence with G. Paloian regarding status of settlement payment (.10); email correspondence with opposing counsel regarding the same (.10). | C. Harney | 0.30 | 94.50 |
| 07/15/11 | Conference with G. Paloian discussing subpoena served upon him in Citibank, NA v. Wilczewski (.20); review of documentation (.10); call to K. DucDuong regarding the same (.10). | C. Harney | 0.40 | 122.00 |
| 07/22/11 | Telephone call to K. DucDuong regarding subpoena served on G. Paloian. | C. Harney | 0.10 | 30.50 |
| 07/22/11 | Telephone conference with K. DucDuong regarding subpoena to Chapter 7 Trustee and call to Defendant's counsel regarding the same (.20); call conference with G. Paloian regarding the same (.10); review and analyze petition, schedules, amendments filed, and cook county foreclosure docket (.30). | C. Harney | 0.60 | 183.00 |
| 07/25/11 | Telephone call from Citibank counsel discussing subpoena served on G. Paloian (.10); telephone conference with S. Overby regarding underlining case and potential settlement (.20). | C. Harney | 0.30 | 91.50 |
| 07/26/11 | Call to Susan Overbey regarding potential settlement offer on Debtor's claims against Citibank in 10-bk-41824 (.10); telephone conference with Susan Overbey regarding the same (.20); email correspondence from S. Overbey regarding the same (.10); email correspondence with G. Paloian regarding the same (.10); additional email correspondence with G. Paloian and A. Shepro regarding the same (.10). | C. Harney | 0.60 | 183.00 |
| 07/27/11 | Email correspondence with S. Overbey, counsel for Citibank, regarding settlement offer. | C. Harney | 0.10 | 30.50 |
| 10/05/11 | Continue preparation of Settlement Agreement (.60). | C. Harney | 0.60 | 183.00 |
| 10/06/11 | Revise settlement agreement. | G. Paloian | 0.40 | 230.00 |
| 10/06/11 | Continue preparation of settlement agreement (1.8); conference with G. Paloian discussing his comments and suggested changes to settlement agreement (.10); attention to preparation of settlement agreement in light of G. Paloian's suggested edits and comments (.30); email to S. Overbey, Citibank counsel, with attached settlement agreement for review (.10); correspondence with Citibank's counsel regarding claim and conference with G. Paloian regarding the same (.10). | C. Harney | 2.40 | 732.00 |
| 10/25/11 | Email correspondence with G. Paloian regarding settlement offer (.10); call to S. Overbey, counsel for Citibank, regarding the same (.10). | C. Harney | 0.20 | 61.00 |

4

| Date | Description | | Timekeeper | Hours | Amount |
|---|---|---|---|---|---|
| 11/04/11 | Email correspondence to S. Overbey, Citibank's counsel regarding status of draft purchase agreement (.10); review docket for status of case and to ensure that Debtor has not amended his schedules and exemptions(.10); email correspondence from S. Overbey with attached proposed agreement and correspondence with G. Paloian regarding the same (.10). | | C. Harney | 0.30 | 91.50 |
| 11/04/11 | Review and revise motion to sell claims, order and assignment form. | | G. Paloian | 0.40 | 230.00 |
| 11/07/11 | Conference with G. Paloian discussing settlement offer (.10); edit settlement documents pursuant to G. Paloian's suggested edits and comments (.20); email to Citibank counsel, S. Overbey, regarding the same (.10). | | C. Harney | 0.40 | 122.00 |
| 11/09/11 | Conference with C. Tholen regarding preparation of Motion to Approve for filing (.10). | | C. Harney | 0.10 | 30.50 |
| 11/18/11 | Email correspondence with Citibank's' counsel (.10); finalize Motion to Authorize Sale, Order, and Notice of Motion (.50); email correspondence with DJ. Cantus regarding filing (.10). | | C. Harney | 0.70 | 213.50 |
| 11/18/11 | Revise Motion to Approve Sale of Causes of Action (.20); prepare Notice of Motion regarding same (.10); prepare proposed Order (.20); cause Motion to be filed with the Court (.10). | | J. McManus | 0.50 | 122.50 |
| 12/13/11 | Review Motion to Approve in preparation of hearing (.20); in court on Motion to Approve (.70); email correspondence with S. Overbey regarding court's order on motion to sell (.10). | | C. Harney | 1.00 | 305.00 |
| 12/15/11 | Attention to preparation of assignment document for signature and of W-9 tax form to be executed (.30); conference with J. McManus regarding execution of W-9 form and email to her regarding the same (.10); | | C. Harney | 0.40 | 122.00 |
| 12/16/11 | Email correspondence with J. McManus regarding W-9 Tax Form and finalizing assignment of claim (.10); attention to obtaining Gus' signature of the same (.10); email correspondence with S. Overbey with executed assignment and Tax Form (.10). | | C. Harney | 0.30 | 91.50 |
| | **TOTAL** | | | **10.10** | **$3,269.50** |

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 7.70 | $2,108.50 |
| C | Fee Applications | 5.20 | $682.50 |
| CC | Claims Administration and Analysis | 0.60 | $87.00 |
| N | Investigation of Estate Claims/Settlement | 10.10 | $3,269.50 |
| | **TOTAL** | **23.60** | **$6,147.50** |

6

15924344v.2

# EXHIBIT 4

15922997v.1

## DISBURSEMENTS

### Filing Fees

| <u>Date</u> | <u>Disbursements</u> | <u>Value</u> |
|------|------|------|
| 08/23/11 | Filing Fees - BANK OF AMERICA US Bankruptcy court filing fee to reopen case | 260.00 |

### Copying

| <u>Date</u> | <u>Disbursements</u> | <u>Value</u> |
|------|------|------|
| 09/08/11 | Copying @.10 cents per page | 39.60 |
| 11/18/11 | Copying @.10 cents per page | 15.20 |
| 11/22/11 | Copying @.10 cents per page | 1.30 |

**Total Disbursements** **316.10**

**Total Fees And Disbursements** **$8,461.10**

15924344v.2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                 )
HIPOLIT WILCZEWSKI     )
                    )
                    )
                    )
                    )
      Debtor(s)        )

BK No.:   10-41824

Chapter:  7

Honorable Pamela S. Hollis

### ORDER AWARDING FINAL COMPENSATION AND EXPENSE REIMBURSEMENT TO TRUSTEE'S ATTORNEYS

This matter coming to be heard on the Seyfarth Shaw LLP's First and Final Application for Compensation and Expense Reimbursement as Counsel to Trustee Gus A. Paloian; due and proper notice having been given; and the Court being fully advised in these premises:

IT IS HEREBY ORDERED that Seyfarth Shaw LLP is awarded final compensation in the amount of $6,147.50 and expense reimbursement in the amount of $316.10; and

IT IS FURTHER ORDERED that Gus A. Paloian, Trustee is authorized to pay the amounts awarded from the funds on hand in the Estate as part of his final distribution in this case.

Enter:

Dated:

                                  United States Bankruptcy Judge

**Prepared by:**

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000